IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Dewayne Bruce, #0828632, | C/A No. 7:16-34-TMC-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Cherokee County Sheriffs Dept., | *for partial disposition* |
| Tim Clark (Detective), | |
| State of South Carolina, | |
| Defendants. | |

Kevin Dewayne Bruce ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Plaintiff is incarcerated at Hoke Correctional Institution in Raeford, North Carolina. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Defendants Cherokee County Sheriff's Department and State of South Carolina should be summarily dismissed.

## **BACKGROUND**

Plaintiff alleges the following facts.[1] From the end of 2011 until about the end of 2013, Plaintiff was jailed in Cherokee County, South Carolina. [Doc. 1.] The total time spent in the jail was approximately 21 months. [*Id.*] Plaintiff was informed by an officer that about the time of several burglaries in the area there was a white vehicle, but "no make or model was identified and no description of any suspect was given." [*Id.*] Plaintiff was cooperative when questioned. [*Id.*] Plaintiff voluntarily gave a DNA sample, and there was no match. [*Id.*] Also, his shoe prints did not match. [*Id.*] Plaintiff wrote about eight to fifteen letters to

---

[1]The alleged factual details related to Tim Clark's actions are not set forth because they are not necessary for this Report and Recommendation, and service of process is authorized for him.

the "district attorney," but received no response. [*Id.*] He was eventually released near the end of 2013. [*Id.*]

Plaintiff alleges wrongful arrest and imprisonment which caused him pain, suffering, and emotional distress. [*Id.*] He alleges his constitutional rights were violated, and he seeks damages. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent

standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liberally construed, Plaintiff alleges a violation of his Fourth Amendment rights. However, the Cherokee County Sheriff's Department and State of South Carolina have immunity from being sued in this Court based on Eleventh Amendment immunity. Sheriffs' departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); S.C. Code Ann. § 23-13-10, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982); *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

The Eleventh Amendment grants the State of South Carolina, and its agents and instrumentalities, immunity from suit in this federal Court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact . . . .'" *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, 1637 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, the Cherokee County Sheriff's Department and State of South Carolina should be dismissed based upon Eleventh Amendment immunity.

If Plaintiff is intending to sue Cherokee County pursuant to § 1983, the county is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local government bodies may be liable only where official policy or custom caused a plaintiff's injury. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff alleges no misconduct against the county related to a policy or custom. Thus, he fails to state a claim on which relief may be granted against the county.

## RECOMMENDATION

It is recommended that Defendants Cherokee County Sheriff's Department and State of South Carolina be dismissed from this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  The lawsuit remains pending against Tim Clark at this time.  **Plaintiff's attention is directed to the important notice on the next page.**

March 30, 2016                                              S.Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).