IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kevin Dewayne Bruce, #0828632, | ) | |
| | ) | Civil Action No. 7:16-34-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cherokee County Sheriff's Dept., | ) | |
| Tim Clark (Detective), | ) | |
| State of South Carolina, | ) | |
| Defendants. | ) | |
| | ) | |

Kevin Dewayne Bruce ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On March 30, 2016, the magistrate judge filed a Report and Recommendation ("Report") for partial disposition in which she recommended that defendants Cherokee County Sheriff's Department and State of South Carolina be dismissed without prejudice and without issuance and service of process. (ECF No. 16). On April 11, 2016, Plaintiff filed a timely objection to the Report. (ECF No. 20).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de

1

novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As set forth above, Plaintiff filed a timely objection to the Report. (ECF No. 20). In his objection, Plaintiff responds to the Report's assertion that if he intended to sue Cherokee County as a person subject to suit pursuant § 1983, he must allege an official policy or custom that caused his injury in order to maintain a cause of action against them. (*See* ECF No. 16 at 5). It is well settled law that a municipality can "be held liable under section 1983 if the alleged injury was caused by an identifiable municipal policy or custom." *Riddick v. School Bd. of City of Portsmouth*, 238 F.3d 518, 522 (4th Cir. 2000) (citing *Bd. of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997)). "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is 'so persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lyle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal citations omitted).

In his objection, Plaintiff asserts that the "policy" that caused his injury was a "violation of my constitutional rights . . . do [*sic*] to unlawful imprisonment which caused undue pain and suffering." (ECF No. 20). This assertion fails to allege any misconduct against Cherokee County that relates to or identifies a policy or custom.

The court has thoroughly reviewed the Report and Plaintiff's objection and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court finds Plaintiff's objection overruled.

Based on the foregoing, the court adopts the magistrate judge's Report (ECF No. 16) and incorporates it herein. It is therefore **ORDERED** that defendants Cherokee County Sheriff's Department and State of South Carolina be dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

April 21, 2016
Anderson, South Carolina